UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BRET J. CHAPIN,

        Petitioner,

  v.                                    Case No. 07-C-186

MATTHEW J. FRANK,
Secretary of Wisconsin Department of Corrections,

        Respondent.

## ORDER

On February 27, 2007, Bret J. Chapin filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Winnebago County Circuit Court of felony battery to a law officer and was sentenced to one year imprisonment and two years of extended supervision. The battery charge triggered revocation of probation stemming from a separate, earlier conviction. Petitioner was released from the Oshkosh Correctional Institution in May 2006 to the supervision of a parole agent, and remains in the constructive custody of respondent.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner claims he was denied the effective assistance of counsel at his trial. He claims that his counsel failed to prepare for trial or call as a witness any of the persons he wished to testify on his behalf, and also failed to present his defense of self-defense. Instead, his trial counsel presented a voluntary intoxication defense, to which petitioner objected. Again, the battery charge triggered a revocation of probation from an earlier case. Petitioner further claims his trial counsel told him she would represent him on those matters and would appeal the revocation, but failed to do so.

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). However, trial counsel's alleged failure to represent petitioner as to his probation revocation would not seem to relate to her representation at his trial or sentencing for the battery charge. This may be fatal to plaintiff's request for § 2254 relief from his battery conviction since it appears the sentence imposed for that conviction has been fully served and his present custody is due only to the sentence imposed following the revocation of his probation. The respondent is free to address this issue by motion or in his response, but the court will permit petitioner to proceed on his claim at this stage. Petitioner's claim of ineffective assistance of counsel at his trial is at least a colorable constitutional issue.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the

2

Case 1:07-cv-00186-AEG   Filed 03/01/07   Page 2 of 4   Document 2

petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). Petitioner appears to have exhausted his remedies. Arguing ineffective assistance of counsel, petitioner appealed his conviction and sentence to the Wisconsin Court of Appeals, which upheld the sentence and conviction. Petitioner then appealed on the same basis to the Wisconsin Supreme Court, which denied the petition for review and thereby affirmed the ruling of the Wisconsin Court of Appeals.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and

(3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this     1st     day of March, 2007.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge